### ELIZABETH GUYETT
vs.
### CHESTER WATERMAN

Superior Court        Hartford County        File #54715

Present:   Hon. ERNEST A. INGLIS, Judge.

Morris J. Cutler,                Attorney for the Plaintiff.

**MEMORANDUM FILED OCTOBER 27, 1936.**

INGLIS, J.   On September 23, 1936, the Probate Court for the District of Hartford, committed Elizabeth Larson, the daughter of the plaintiff, to the Norwich State Hospital, as an

insane pauper. The commitment was made pursuant to **Section 1733 of the General Statutes** relating to the commitment of insane paupers rather than **Section 1731 of the General Statutes** which relates to the commitment of insane persons who are not paupers nor indigent.

The procedure provided by these two sections of the statutes respectively is different in that under **Section 1731** no insane person can be committed until after a hearing of which he has had reasonable notice, whereas under **Section 1733** no such hearing nor notice is required. The theory apparently is that when a person is a pauper and therefor has to be supported at the expense of a municipality or the State, if the public officials charged with the duty of providing support decide that the support is to be furnished in an institution, the pauper has no ground for complaint. That is to say the persons who are to furnish support have the right to decide where the pauper shall be cared for always providing, of course, that there is a prima facie case as to the pauper's insanity.

In this particular case Elizabeth Larson was given no notice of the pendency of the application for her commitment which was made by the Superintendent of Public Welfare for the City of Hartford, and no actual notice of the proceedings against her until after her commitment had been ordered by the Probate Court.

Inasmuch as there is this radical difference in the procedures provided by the statute relating to insane paupers and the statutes relating to insane persons not paupers nor indigents, it is clear that the fact that a person is a pauper is a jurisdictional fact upon which depends the validity of proceedings had against him under **Section 1733.** The Probate Court has no jurisdiction to commit a person as a pauper under **Section 1733** unless as a matter of fact that person is a pauper.

The finding by a Probate Court of such a jurisdictional fact is not conclusive.

**Cleveland, Probate Law, Vol. 1, Page 131, Sec. 128.**

It, therefore, becomes necessary to determine in this proceeding whether at the time of her commitment Elizabeth Larson was as a matter of fact a pauper as that term is used in the statute.

The definition of the term pauper is set forth in **Weeks vs. Mansfield, 84 Conn., 544, 549,** as follows:

"The term 'pauper' has a distinct and well-defined meaning in our law. It is used to designate those persons whose support imposes a burden upon the public treasury. One may be ever so destitute of estate or ability to earn a livelihood, and yet not be a pauper. He may be cared for by the voluntary action of friends or relatives. The duty to care for him may by law be cast upon relatives. He becomes a member of the pauper class only when other means of support failing, he becomes a public charge."

At the time of her commitment Elizabeth Larson was the owner of the equity in a house and lot in East Hartford but the value of that equity, if any, was not proved. In addition to that, however she had upwards of $360. in cash and bank deposits; her mother was willing and her step-father was willing and able to support her if she needed support; and she had never made any application to any public authorities for relief.

On that set of facts, it is clear that she was not a pauper. It follows that the Probate Court had no jurisdiction to commit her as an insane pauper and that, therefore, she is now entitled to a release.

Judgment may enter for the plaintiff directing that Elizabeth Larson be released from custody by the respondent.